IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Glen K. LaConey, | Civil Action No. 3:21-cv-2740-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Leon Lott; Alan McCrory Wilson, Joshua Koger, Jr.; William Hodge; Clifton B. Newman; R. Knox McMahon; Robert M. Madsen; Jason Scott Chehoski; Jocelyn T. Newman; Lori L. Pelzer, | |
| Defendants. | |

On August 25, 2021, Glen K. LaConey ("Plaintiff") filed a complaint ("the Complaint") against the ten above named Defendants ("Defendants") arising from four South Carolina state criminal charges Plaintiff faced in the Richland County Court of General Sessions. ECF No. 1. Plaintiff seeks monetary damages under 42 U.S.C. § 1983 and 18 U.S.C. § 241 for alleged violations of his civil rights. *Id.* Defendants include judges, public defenders, prosecutors, and the victim associated with one of those charges. *Id.* Plaintiff also moved for leave to proceed *in forma pauperis*, ECF No. 3, which he was granted on September 17, 2021, ECF No. 7.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett ("the Magistrate Judge") for initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, Defendants have not yet been served process in this action. Under initial review, a complaint is reviewed to determine if the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Following the Magistrate Judge's initial review of the Complaint, on September 17, 2021, she issued a report and recommendation ("the Report and Recommendation"), recommending this matter be summarily dismissed with prejudice and without service of process "[b]ecause all of the defendants named by Plaintiff are subject to summary dismissal for failure to state a claim upon which relief can be granted or because they are immune . . . ." ECF No. 9 at 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the consequences if he failed to do so. *Id.* at 10.

A magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 268–71 (1976). The court is charged with making a *de novo* determination of any portion of a magistrate judge's report and recommendation to which a specific objection is made. See 28 U.S.C. § 636(b)(1). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations or recommit the matter to the magistrate judge with instructions. *Id.*

On September 28, 2021, Plaintiff filed objections to the Report and Recommendation and moved to amend and supplement the Complaint to add parties and seek additional relief. ECF No. 11. Plaintiff did not include a proposed amended complaint nor provide further details on his proposed amendments.

Because Plaintiff's Complaint has yet to be served, he may amend it "once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). Accordingly, the court declines to adopt the Report and Recommendation at this time in order to allow Plaintiff an opportunity to amend his Complaint. Plaintiff shall have twenty-one (21) days from the filing of this Order to amend his Complaint. If Plaintiff fails to timely

2

amend his Complaint, it is subject to dismissal.[1]  Finally, this case is rereferred to the Magistrate Judge for pretrial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
January 6, 2022

---

[1] The opportunity to amend does not mean the court finds Plaintiff's claims to have merit.  Any amended complaint will also be subject to review under 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).