IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Glen Keith LaConey, | Civil Action No. 3:21-cv-2740-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Joseph M. Strickland in his individual capacity; James R. Barber, III in his individual capacity; Alison Renee Lee in her individual capacity; DeAndrea D. Benjamin in her individual capacity; Leon Lott, in his individual and official capacity as Sheriff of Richland County, State of South Carolina; Walter Shawn McDaniel, in his individual and official capacity as Deputy Sheriff of Richland County, State of South Carolina; Alan McCrory Wilson, in his individual and official capacity as South Carolina Attorney General; Ashley A. McMahan in her individual and official capacity as South Carolina Assistant Attorney General; Joshua Koger, Jr., in his individual capacity; Lori L. Pelzer, a.k.a Lori L. Washington, in her individual capacity; Jeanette W. McBride in her individual and official capacity as Clerk of the South Carolina, Fifth Circuit Court; Joseph Bass, in his individual and official capacity as Deputy Sheriff of Richland County, State of South Carolina; Andrew Caldwell, in his individual and official capacity as Deputy Sheriff of Richland County, State of South Carolina; Clifton B. Newman in his individual capacity; Nicole T. Wetherton in her individual and official capacity as South Carolina Assistant Attorney General; Meagan B. Burchstead in her individual and official capacity as South | |

|  |
|---|
| Carolina Assistant Attorney General; William A. Hodge in his individual capacity; R. Knox McMahon in his individual capacity; Robert M. Madsen in his individual and official capacity as South Carolina, Eleventh Circuit Public Defender; Jason Scott Chehoski in his individual and official capacity as South Carolina, Assistant Eleventh Circuit Public Defender; Joycelyn T. Newman in her individual capacity; and Kinli B. Abee in her individual and official capacity as South Carolina Assistant Attorney General,<br><br>                          Defendants. |

This matter is before the court on Plaintiff's complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On March 4, 2022, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice and without issuance and service of process. ECF No. 25. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections and a motion to amend/correct his Amended Complaint on March 14, 2022. ECF Nos. 27, 28.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

The Report thoroughly sets forth the facts related to Plaintiff's prosecutions in state court and the relationships between him and each of the Defendants. ECF No. 25 at 1-4. The Magistrate Judge then recommends dismissal as to Judges Clifton Newman, McMahon, Jocelyn Newman, Strickland, Barber, Lee, and Benjamin based on absolute judicial immunity. *Id.* at 6. She also recommends dismissal of Defendants Wilson, Ashley McMahan, Wetherton, Burchstead, and Abee, as immune from suit based on prosecutorial immunity. *Id.* The Report also found Plaintiff fails to state a § 1983 claim upon which relief can be granted against Defendants Koger, Hodge, Madsen, Chehoski, and Pelzer, because they are not "state actors" amenable to suit under § 1983. *Id.* at 7. Further, she recommended dismissal as to Defendants Lott and McBride because Plaintiff failed to plead any facts that would show they were personally involved in the alleged deprivations. *Id.* Finally, as to Defendants McDaniel, Bass, and Caldwell, the Report found Plaintiff failed to state a claim against these Defendants for false arrest because he was arrested pursuant to valid warrants with probable cause. *Id.* at 8, 9. She therefore recommends dismissal of all Defendants.

Plaintiff objects to the Magistrate Judge's recommendations. ECF No. 27. First, he argues he has stated a claim for conspiracy under 18 U.S.C. § 241, not 42 U.S.C. § 1985. *Id*. at 4. He contends judicial immunity should not apply because Judge Jocelyn Newman filed an Order noting the Fifth Circuit Solicitor's Office and the Fifth Circuit Public Defender's Office were barred from

3

being involved in the case due to conflicts, and therefore the entire court should have been disqualified, including the judges. *Id.* at 5. He argues prosecutorial immunity should not apply because the "State Attorney General stopped functioning as an officer of the court upon disqualification of the tribunal." *Id.* at 6. He again contends the entire State Court and its officials were barred and therefore not acting within judicial or prosecutorial functions. Accordingly, he explains, they cannot avail themselves of immunity. *Id.* at 7. He concedes Defendants Koger, Hodge, Madsen, Chehoski, and Pelzer are private actors, not state actors. *Id.* As to McBride and Lott's personal involvement, Plaintiff alleges McBride received his threat to burn down the courthouse directly from Koger, then "facilitated the void proceedings of the State Court by taking custody and control of papers and evidence related to the proceedings." *Id.* He notes § 241 does not require an overt act to be part of the conspiracy, and can be inferred, and she was part of the conspiracy as the "custodian" of the documents. *Id.* at 8. Finally, Plaintiff argues his false arrest claim against Bass was proper because the state determined it *nolle prossed* the charges because it lacked probable cause to proceed, so the warrant was facially defective. *Id.* at 9.

The court finds Plaintiff's objections unavailing. First, 18 U.S.C. § 241 is a criminal statute, not a civil one, and Plaintiff cannot sue under it. Defendants Clifton Newman, McMahon, Jocelyn Newman, Strickland, Barber, Lee, and Benjamin are dismissed based on judicial immunity, and Defendants Wilson, Ashley McMahan, Wetherton, Burchstead, and Abee are dismissed pursuant to prosecutorial immunity. Plaintiff's objections regarding disqualification of the entirety of State Courts in South Carolina are incorrect, as only the solicitors and public defenders from Richland County were barred due to conflicts. The above Defendants were acting

4

as judges and prosecutors in the state court criminal cases against Plaintiff and are therefore immune from suit. Plaintiff has conceded Defendants Koger, Hodge, Madsen, Chehoski, and Pelzer are not state actors, and therefore they are dismissed because private actors are not amenable to suit under § 1983.

As for Defendant McBride, the only allegations in the Amended Complaint are that Koger lodged a complaint with her that Plaintiff threatened to blow up the courthouse, and therefore she was a "personal and official victim" of Plaintiff's threat. ECF No. 23 at 32. He alleges Defendant Lott supervised the Richland County Sheriff's Department and deputies, and thus their conduct was "imputed" to him. *Id*. at 40. Plaintiff alleges McBride and Lott were both members of the conspiracy against him. The court agrees with the Magistrate Judge these allegations are insufficient for purposes of bringing an action under § 1983 against these Defendants. He does not allege McBride took any action against him, and only alleges Lott supervised his deputies. It is well settled there is no vicarious liability under § 1983. The court therefore agrees these Defendants are dismissed.

Finally, the court agrees with the Report the three arresting officers – Defendants McDaniel, Bass, and Caldwell – should be dismissed because each had a facially valid warrant for Plaintiff's arrest and thus cannot be liable for false arrest. Even if the court later determined insufficient probable cause existed to *convict* Plaintiff on at least one of the charges, that does not mean probable cause was lacking to *arrest* him. The court therefore finds these Defendants should be dismissed as well.

After considering *de novo* the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation the Amended Complaint be dismissed. In addition, the motion to amend/correct the Amended Complaint (ECF No. 28) to include a claim against Magistrate Judge Gossett is denied as futile, as she is protected by judicial immunity. Accordingly, the court adopts the Report by reference in this Order, as supplemental above.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
March 31, 2022